JOAN M. FIRST & others[1] *vs.* ATTORNEY GENERAL & another.[2] September 16, 2002. *Initiative. Constitutional Law,* Initiative petition, Elections. *Attorney General. Elections,* Ballot.

The plaintiffs, twelve registered voters in Massachusetts, filed a complaint in the Supreme Judicial Court for Suffolk County seeking declaratory and injunctive relief against the Attorney General and the Secretary of the Commonwealth (Secretary). The plaintiffs challenged the Attorney General's summary of Initiative Petition 01-11 (Petition 01-11), entitled "An Act relative to the teaching of English in public schools," claiming that it violates art. 48, The Initiative, Part II, § 3, of the Amendments to the Massachusetts Constitution, as amended by art. 74 of the Amendments, because it is misleading and unfair. The plaintiffs also sought to enjoin the Secretary from placing the measure on the ballot in the November, 2002, election. A single justice reserved and reported the matter, without decision, to the full court.

Petition 01-11 seeks to amend G. L. c. 71A, §§ 1-9, by replacing transitional bilingual education programs with mandatory English immersion programs for children who do not speak English or whose native language is not English, and who are unable to perform ordinary classroom work in English. Section 4 of the petition provides, as far as is relevant here, that, subject to certain exceptions, "all children in Massachusetts public schools shall be taught English by being taught in English and all children shall be placed in English language classrooms. Children who are English learners shall be educated through sheltered English immersion during a temporary transition period *not normally intended to exceed one school year*" (emphasis added).

The Attorney General certified, among other things, that Petition 01-11 was in the proper form for submission to the people of the Commonwealth. He also prepared a written summary of it, all as required by art. 48, The Initiative, Part II, § 3, and forwarded both his certification and summary to the Secretary. The Attorney General summarized § 4 of Petition 01-11 as follows: "The proposed law would require public schools to educate English learners (children who cannot do ordinary classwork in English and who either do not speak English or whose native language is not English) through a sheltered

---

[1]Thomas S. Louie, Sonia Nieto, Thomas St. Louis, Elizabeth Posner, Nicole Eagan, Marta T. Rosa, Jean McGuire, Mary Ann Hardenbergh, Westy Egmont, Serge Bologove, and Juan Rivera.

[2]Secretary of the Commonwealth.

English immersion program, *normally not lasting more than one year"* (emphasis added).

The plaintiffs' challenge is to the single phrase in the Attorney General's summary describing the English immersion program as "normally not lasting more than one year," which varies slightly from the language of Petition 01-11 describing the English immersion program as "not normally intended to exceed one school year." The plaintiffs contend that this difference in the summary's language unfairly endorses the petition by declaring that the English immersion program will, *in fact,* normally not last more than one year. As such, they continue, the summary's language transforms the wording of Petition 01-11 from a statement of aspiration to a statement of certainty that a specific goal will be achieved. We disagree with the plaintiffs' arguments.

Pursuant to art. 48, The Initiative, Part II, § 3, the Attorney General shall prepare a "fair, concise summary" of each initiative petition. See *Mazzone* v. *Attorney Gen.,* 432 Mass. 515, 531 (2000). "A summary is an abridgment, abstract, compendium, or epitome. The word carries with it the idea that, however much the subject matter may be condensed, the sum and substance of it must remain. No doubt details may be omitted or in many instances covered by broad generalizations, but mention must be made of at least the main features of the measure. And the summary must be 'fair'; that is to say, it must not be partisan, colored, argumentative, or in any way one sided, and it must be complete enough to serve its purpose of giving the voter who is asked to sign a petition or who is present in a polling booth a fair and intelligent conception of the main outlines of the measure." *Sears* v. *Treasurer & Receiver Gen.,* 327 Mass. 310, 324 (1951). See *Associated Indus. of Mass.* v. *Secretary of the Commonwealth,* 413 Mass. 1, 11 (1992). The Attorney General's judgment about what constitutes a fair and concise summary of an initiative petition is entitled to a certain degree of deference. See *Massachusetts Teachers Ass'n* v. *Secretary of the Commonwealth,* 384 Mass. 209, 230 (1981). We shall not substitute our judgment as to the form and content of a summary for that of the Attorney General where the question is "a matter of degree." *Id.,* quoting *Opinions of the Justices,* 357 Mass. 787, 800 (1970). However, the language of a summary will be invalidated where, in the context of the entire proposal, it is significantly misleading and likely to have a major impact on voters. See *Massachusetts Teachers Ass'n* v. *Secretary of the Commonwealth, supra* at 234-236.

The Attorney General's summary herein clearly and concisely states how public schools would be required to educate English learners through an English immersion program; it does not categorically provide that children will necessarily complete such a program in one year. By stating that an English immersion program will *"normally* not last[] more than one year," the Attorney General's summary conveys the idea that the one-year time frame is not absolute. Rather, the summary's phrase "normally not lasting," like the petition's phrase "not normally intended to exceed," indicates flexibility in the ultimate duration of the program for any given student. This interpretation is supported by subsequent language in the Attorney General's summary stating that "[o]nce a student is able to do regular schoolwork in English, the student would be transferred to an English language mainstream classroom." Contrary to the plaintiffs' arguments, the difference between the language

"normally not lasting more than one year" set forth in the Attorney General's summary, and the language "not normally intended to exceed one school year" set forth in Petition 01-11 is one of slight, not substantive, degree. Therefore, we shall not substitute our judgment for that of the Attorney General concerning the content of the summary. See *Massachusetts Teachers Ass'n* v. *Secretary of the Commonwealth, supra* at 230.

We remand this case to the county court for the entry of a judgment declaring that the Attorney General's summary of Petition 01-11 is in compliance with the requirements of art. 48. The Secretary shall take the appropriate steps to have the measure placed on the ballot for the November, 2002, election.

*So ordered.*

*Scott P. Lewis (Kevin Batt* with him) for the plaintiffs.
*Peter Sacks*, Assistant Attorney General, for the Attorney General & another.